Where they are located on the ground is a question of fact. *Brooks v. Woodruff,* 185 N.C. 288, 116 S.E. 724; *Tatem v. Paine,* 11 N.C. 64. To give effect to his possession, the defendant must fit the description in his deeds to the land he claims under them. A deed is void for vagueness of description unless it identifies with certainty the land sought to be conveyed. The identification must be complete in the deed itself, or the deed must point to some source from which the deficiency in the description may be supplied. *Williams v. Robertson,* 235 N.C. 478, 70 S.E. 2d 692; *Cathey v. Lumber Co.,* 151 N.C. 592, 66 S.E. 580; *Edmundson v. Hooks,* 33 N.C. 373.

In his attempt to fit the description in his deeds to the lots claimed, the defendant offered the testimony of a surveyor. To repeat even in substance his evidence relating to the difficulties he encountered in attempting to follow the descriptions in either or both deeds, and to enclose a tract of land, would serve no useful purpose. The descriptions, taken separately or together, fail to enclose a tract of land. They refer to nothing which supplies the deficiency. The second deed recites: "This deed is intended to correct the description in (the first deed) . . . upon discovery that the description . . . is probably erroneous." Of the description in the second deed, the defendant has this to say in his brief: "The able judge below was steered off the correct line of reasoning by the confusion induced by the obvious errors in the so-called deed of correction . . ."

The stipulation of the parties placed upon the defendant the burden of showing his adverse possession under color of his deeds. *McPherson v. Williams,* 205 N.C. 177, 170 S.E. 662. The judge sitting as a court and jury found he had not carried that burden. The record as it comes to us fully justifies the finding.

Affirmed.

JOHNSON and PARKER, JJ., took no part in the consideration or decision of this case.

---

AIDA S. KOVACS v. GEORGE A. BREWER, SR.

(Filed 24 September, 1958.)

**Infants §21 : Constitutional Law § 28—**

Where decision of the Supreme Court of North Carolina affirming judgment awarding to the resident paternal grandfather the custody of a minor child of parents divorced in another state, notwithstanding a former decree of the court of such other state, is vacated by the Supreme Court of the United States and the cause remanded for clarification of the question whether the decision was based on changed condi-

Kovacs v. Brewer.

tions since the foreign decree or upon the ground that our Court was not bound to give the foreign decree full faith and credit, the cause must be remanded to the Superior Court for final judgment based on the facts as it may find them to be.

Parker, J., not sitting.

On mandate from the Supreme Court of the United States, 356 U. S. .. ....., 2 L. ed. 2d 1008.

This proceeding was instituted on 23 February 1956, pursuant to G.S. 50-13, to determine a dispute concerning the custody. of .the minor child of parents who were divorced in the State of New York. The New York Court, on 17 January 1951, awarded custody of the minor child involved to her paternal grandfather, George A. Brewer, Sr., who lived in Gaston, Northampton County, North Carolina.

In November 1954 the petitioner applied to the Supreme Court of the State of New York for a modification of its former decree. The hearing was held and the New York Court entered a decree awarding custody to the petitioner.

In the proceeding instituted in this State, the petitioner based her right to custody on the modified decree entered in the New York Court in 1954. At the hearing in the Superior Court the judge found, among other things, that the condition of the health of the respondent had greatly improved within the past year; that general conditions in his home had also improved; and further found that the petitioner was unfit to have the custody of her child; that the respondent was a fit and suitable person to have the custody of the child; that it was for the best interest of the child to remain in the custody of the respondent. The court further concluded as a matter of law that the North Carolina court was not bound by or required to give effect to the modified decree of the New York Court, the minor child, Jane Elizabeth Brewer, having resided in North Carolina continuously since 1951. Judgment was entered awarding custody of the aforesaid child to the respondent. The petitioner appealed, assigning error.

The judgment of the lower court was upheld by this Court at the Spring Term 1957, reported in 245 N.C. 630, 97 S.E. 2d 96. The petitioner applied to the Supreme Court of the United States for writ of certiorari, which was granted on 14 October 1957. The Supreme Court of the United States vacated the judgment of this Court and remanded for clarification of the question as to whether decision was based on changed conditions since the New York decree was modified, or upon the ground that the North Carolina court was not bound to give full faith and credit to the modified New York decree awarding custody of the child to the petitioner.

Since this case was remanded by the Supreme Court of the United States, it has been suggested to the Court that the father of the minor

child, who had been providing support not only for his minor child but to a considerable extent for the respondent also, has died and that the child has been voluntarily surrendered by the respondent to the petitioner, and that she is now residing in the State of New York and that all matters involved in the proceeding are now academic.

*Sylvester & Haimoff, of the New York Bar, Sanford, Phillips, Mc-Coy & Weaver for petitioner.*
*Gay & Midyette and Eric Norfleet for respondent.*

PER CURIAM. The judgment heretofore entered in this proceeding by this Court is vacated and set aside, and the cause is remanded to the Superior Court for final judgment based on the facts as it may find them to be.
Remanded.

PARKER, J., not sitting.

---

STATE v. RALPH DOUGLAS BYERS.

(Filed 24 September, 1958.)

Criminal Law § 131—

Upon *certiorari* to review sentences imposed upon defendant, it appearing that but a single sentence was imposed upon several consolidated indictments, that the sentence was in excess of the maximum for such offense, and that sentences upon other indictments were made to begin at the expiration of the first sentence, the cases are remanded for proper judgments under authority of *S. v. Austin,* 241 N.C. 548.

PARKER, J., took no part in the consideration or decision of this case.

*Certiorari* upon petition of defendant Ralph Douglas Byers to review sentences imposed upon him in Superior Court of Davidson County at August Term 1955, contending only that the sentences were excessive.

The Attorney General of the State of North Carolina answering the above petition, sets forth these facts, supported by certified copies of warrants, bills of indictment, and judgments of the court, pertinent thereto, as follows:

1. That the defendant, Ralph Douglas Byers, was apprehended, indicted, brought to trial, convicted and sentenced by the Superior Court of Forsyth County, July Term 1955, to a term of not less than 15 nor more than 18 years in the State's Prison in cases Nos. 9938, 9939 and 9940, consolidated for judgment, upon a plea of guilty to